UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE GARCIA, RANDY GARCIA, and JOSE GARCIA,
JR., Individually, and LEONIDAS GARCIA and ELI
RIVERA, by their guardian ANA ORTEGA,

                                                    Plaintiffs,

                            -against-

THE CITY OF NEW YORK, DETECTIVE ANTHONY
PEZZULLO, ADA CURTIS FARBER, ADA WILLIAM
ZELENKA, and JOHN AND JANE DOES # 1-10,

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08-CV-4274 (RJS)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Detective Anthony Pezzullo, ADA Curtis Farber and ADA William Zelenka, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff Jose Garcia's petition for a writ of habeas corpus was conditionally granted in or about 2006.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to invoke this Court's jurisdiction as stated therein.

        5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to invoke this Court's jurisdiction as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to lay venue in this District.

9.      Admit that plaintiffs demand trial by jury.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff Ana Ortega purports to bring this lawsuit as the guardian of Leonardis Garcia and Eli Rivera.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.      Deny the allegations set forth in paragraph "16" of the complaint, except admit that Anthony Pezzullo was formerly employed by the New York City Police Department ("NYPD") as a detective.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that Curtis Farber was formerly employed by the Bronx County District Attorney's Office as an assistant district attorney.

18.    Deny the allegations set forth in paragraph "18" of the complaint, except admit that William Zelenka is employed by the Bronx County District Attorney's Office as an assistant district attorney.

19.    Deny the allegations set forth in paragraph "19" of the complaint, except admit that Risa Sugarman was formerly employed by the Bronx County District Attorney's Office as an assistant district attorney.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it maintains a police department.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, and refer the Court to any existing documents and evidence relating to the circumstances surrounding the murder of Cesar Vasquez and the related proceedings conducted under Indictment # 7672/91, including the trial held in or about December, 1992, and January, 1993 (the "relevant documents, evidence and proceedings").

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that Detective Pezzullo took witness statements, and refer the Court to the relevant documents, evidence and proceedings.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint, except admit that Morillo and Garcia were indicted, and refer the Court to the relevant documents, evidence and proceedings.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint, except admit that an assistant district attorney received information from the Department of State.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

67.    Deny the allegations set forth in paragraph "67" of the complaint.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    Deny the allegations set forth in paragraph "69" of the complaint to the extent such allegations concern a "shocking representation," and otherwise refer the Court to the relevant documents, evidence and proceedings.

70.    Deny the allegations set forth in paragraph "70" of the complaint.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint, except admit that the prosecution commenced in or about 1992.

73.    Deny the allegations set forth in paragraph "73" of the complaint.

74.    Deny the allegations set forth in paragraph "74" of the complaint.

75.    Deny the allegations set forth in paragraph "75" of the complaint, except admit that Garcia and Morillo were convicted on or about January 8, 1993.

76.    Deny the allegations set forth in paragraph "76" of the complaint, except admit that Garcia and Morillo were sentenced.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny the allegations set forth in paragraph "79" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

80.    Deny the allegations set forth in paragraph "80" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

81.    Deny the allegations set forth in paragraph "81" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint, and refer the Court to the decision in *People v. Ramos*, 201 A.D.2d 78 (1st Dept. 1994), for a complete statement of its contents.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.    Deny the allegations set forth in paragraph "87" of the complaint.

88.    Deny the allegations set forth in paragraph "88" of the complaint.

89.    Deny the allegations set forth in paragraph "89" of the complaint.

90.    Deny the allegations set forth in paragraph "90" of the complaint.

91.    Deny the allegations set forth in paragraph "91" of the complaint, and refer the Court to the cited decisions for a statement of their respective contents.

92.    Deny the allegations set forth in paragraph "92" of the complaint, except admit that Garcia sought post-conviction relief.

93. Deny the allegations set forth in paragraph "93" of the complaint, and refer the Court to the decision in *Garcia v. Portuondo*, 334 F. Supp. 2d 446 (S.D.N.Y. 2004), for a complete statement of its contents.

94. Deny the allegations set forth in paragraph "94" of the complaint, and refer the Court to the relevant documents, evidence and proceedings.

95. Deny the allegations set forth in paragraph "95" of the complaint, and refer the Court to the habeas proceedings before Magistrate Judge Fox, and the decision subsequent thereto.

96. Deny the allegations set forth in paragraph "96" of the complaint, and refer the Court to the decision in *Garcia v. Portuondo*, 459 F. Supp. 2d 267 (S.D.N.Y. 2006), for a complete statement of its contents.

97. Deny the allegations set forth in paragraph "97" of the complaint, except admit that Garcia was not retried and was released from custody.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint, except admit that Garcia was released from custody on or about Feb. 28, 2007.

99. Deny the allegations set forth in paragraph "99" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

## ANSWERING COUNT I

106.    Repeat and reallege each and every response to paragraphs "1" through "105" of the complaint, as though fully set forth herein.

107.    Deny the allegations set forth in paragraph "107" of the complaint

108.    Deny the allegations set forth in paragraph "108" of the complaint.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

111.    Deny the allegations set forth in paragraph "111" of the complaint.

## ANSWERING COUNT II

112.    Repeat and reallege each and every response to paragraphs "1" through "111" of the complaint, as though fully set forth herein.

113.    Deny the allegations set forth in paragraph "113" of the complaint.

114.    Deny the allegations set forth in paragraph "114" of the complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint, except admit that Garcia's conviction was vacated on or about May 18, 2007.

116.    Deny the allegations set forth in paragraph "116" of the complaint.

**ANSWERING COUNT III**

117.    Repeat and reallege each and every response to paragraphs "1" through "116" of the complaint, as though fully set forth herein.

118.    Deny the allegations set forth in paragraph "118" of the complaint.

119.    Deny the allegations set forth in paragraph "119" of the complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

121.    Deny the allegations set forth in paragraph "121" of the complaint.

**ANSWERING COUNT IV**

122.    Repeat and reallege each and every response to paragraphs "1" through "121" of the complaint, as though fully set forth herein.

123.    Deny the allegations set forth in paragraph "123" of the complaint.

124.    Deny the allegations set forth in paragraph "124" of the complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

126.    Deny the allegations set forth in paragraph "126" of the complaint.

**ANSWERING COUNT V**

127.    Repeat and reallege each and every response to paragraphs "1" through "126" of the complaint, as though fully set forth herein.

128.    Deny the allegations set forth in paragraph "128" of the complaint.

129.    Deny the allegations set forth in paragraph "129" of the complaint.

130.     Deny the allegations set forth in paragraph "130" of the complaint.

131.     Deny the allegations set forth in paragraph "131" of the complaint.

132.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

133.     Deny the allegations set forth in paragraph "133" of the complaint.

## ANSWERING COUNT VI

134.     Repeat and reallege each and every response to paragraphs "1" through "133" of the complaint, as though fully set forth herein.

135.     Deny the allegations set forth in paragraph "135" of the complaint.

136.     Deny the allegations set forth in paragraph "136" of the complaint.

137.     Deny the allegations set forth in paragraph "137" of the complaint.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

139.     Deny the allegations set forth in paragraph "139" of the complaint.

## ANSWERING COUNT VII

140.     Repeat and reallege each and every response to paragraphs "1" through "139" of the complaint, as though fully set forth herein.

141.     Deny the allegations set forth in paragraph "141" of the complaint.

142.     Deny the allegations set forth in paragraph "142" of the complaint.

143.     Deny the allegations set forth in paragraph "143" of the complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

145.    Deny the allegations set forth in paragraph "145" of the complaint.

## ANSWERING COUNT VIII

146.    Repeat and reallege each and every response to paragraphs "1" through "145" of the complaint, as though fully set forth herein.

147.    The allegations of paragraph "147" of the complaint set forth conclusions of law to which no response is required; to the extent a response may be required, deny all such allegations.

148.    Deny the allegations set forth in paragraph "148" of the complaint.

149.    Deny the allegations set forth in paragraph "149" of the complaint.

150.    The allegations of paragraph "150" of the complaint set forth conclusions of law to which no response is required; to the extent a response may be required, deny all such allegations.

151.    Deny the allegations set forth in paragraph "151" of the complaint.

152.    Deny the allegations set forth in paragraph "152" of the complaint.

153.    Deny the allegations set forth in paragraph "153" of the complaint.

154.    Deny the allegations set forth in paragraph "154" of the complaint.

## ANSWERING COUNT IX

155.    Repeat and reallege each and every response to paragraphs "1" through "154" of the complaint, as though fully set forth herein.

156.    Deny the allegations set forth in paragraph "156" of the complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

158.    Deny the allegations set forth in paragraph "158" of the complaint.

159.    Deny the allegations set forth in paragraph "159" of the complaint.

## ANSWERING COUNT X

160.    Repeat and reallege each and every response to paragraphs "1" through "159" of the complaint, as though fully set forth herein.

161.    Deny the allegations set forth in paragraph "161" of the complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.    Deny the allegations set forth in paragraph "164" of the complaint.

165.    Deny the allegations set forth in paragraph "165" of the complaint.

## ANSWERING COUNT XI

166.    Repeat and reallege each and every response to paragraphs "1" through "165" of the complaint, as though fully set forth herein.

167.    Deny the allegations set forth in paragraph "167" of the complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

169.    Deny the allegations set forth in paragraph "169" of the complaint.

170.    Deny the allegations set forth in paragraph "170" of the complaint.

171.    Deny the allegations set forth in paragraph "171" of the complaint.

## ANSWERING COUNT XII

172.    Repeat and reallege each and every response to paragraphs "1" through "171" of the complaint, as though fully set forth herein.

173.    Deny the allegations set forth in paragraph "173" of the complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the complaint, and refer the Court to Justice Sonberg's decision for a complete statement of its contents.

175.    Deny the allegations set forth in paragraph "175" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

176.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

177.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

178.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

179.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## FIFTH AFFIRMATIVE DEFENSE

180.    Defendants had probable cause and/or reasonable suspicion for the conduct in question.

## SIXTH AFFIRMATIVE DEFENSE

181.    None of the defendants violated any clearly established constitutional right of which a reasonable person would have known, and therefore, said defendants are protected from liability by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

182.    Punitive damages may not be recovered against the City of New York.

## EIGHTH AFFIRMATIVE DEFENSE

183.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

**WHEREFORE,** defendants request judgment dismissing the complaint in its

entirety, together with the costs and disbursements of this action, and such other and further

relief as the Court may deem just and proper.

Dated:      New York, New York
            August 5, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street
                              New York, New York 10007
                              (212) 788-1599


                              By:  _____/s/_____

                                   Arthur G. Larkin (AL 9059)
                                   Afsaan Saleem (AS 2012)
                                   Assistants Corporation Counsel


TO:    COCHRAN, NEUFELD & SCHECK, LLP
       *Attorneys for Plaintiffs*
       99 Hudson Street, 8th Floor
       New York, New York 10013
       (212) 965-9081
       (By ECF)