UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GARCIA, RANDY GARCIA, and JOSE GARCIA, JR., Individually, and LEONIDAS GARCIA and ELI RIVERA, by their guardian ANA ORTEGA, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF NEW YORK, DETECTIVE ANTHONY PEZZULLO, ADA CURTIS FARBER, ADA WILLIAM ZELENKA, and JOHN AND JANE DOES #1-10, <br><br> Defendants. | No. 08-CV-4274 (RJS) |

**PLAINTIFF JOSE GARCIA'S LOCAL RULE 56.1
STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**[1]

1. On or about July 16, 1991, Cesar Vasquez was shot in the courtyard of 2820 Bailey Avenue, Bronx, New York.  City's Resp. to Pls. 1st RTA, No. 1 (attached as Ex. 2).

---

[1] This motion contends that, *in the event Mr. Garcia makes out his disputed claim that Detective Pezzullo maliciously prosecuted him in violation of New York state law*, it is undisputed that defendant the City of New York is liable under the doctrine of *respondeat superior*.  This approach is appropriate where, as here, the plaintiff's proof of the individual defendant's misconduct is immaterial to the determination of whether, as a matter of law, the conduct alleged, if proven, was within the scope of employment.  *See Gibbs v. City of New York et al.*, --- F. Supp. 2d ----, No. 06-CV-5112 (ILG), 2010 WL 2178919 (E.D.N.Y. May 28, 2010) (granting summary judgment to plaintiffs on *respondeat superior* liability on condition of finding of individual liability); *Pizzuto v. County of Nassau*, 239 F. Supp.2d 301 (E.D.N.Y. 2003) (same).

1

2. Detective Anthony Pezzullo of the New York City Police Department was the only detective assigned to investigate the Vasquez murder. *Id.* at No. 10; Pezzullo dep., at 117 (attached as Ex. 3).

3. Detective Pezzullo remained the only detective assigned to investigate the Vasquez murder from July 17, 1991 through the trial and conviction of Mr. Garcia and his co-defendant, Carlos Morillo on January 7, 1993.  Ex. 2, No. 11; Ex. 3, at 117.

4. Every one of the at least thirteen (13) NYPD police reports Detective Pezzullo prepared in connection with the Vasquez murder investigation he prepared while on duty in the course of his duties as an NYPD detective.  July 17, 1991 follow-up #1 (attached as Ex. 4); July 17, 1991 follow-up #2 (attached as Ex. 5); July 18, 1991 follow-up (attached as Ex. 6); July 17, 1991 follow-up #4 (attached as Ex. 7); July 23, 1991 follow-up #5 (attached as Ex. 8); July 24, 1991 follow-up #6 (attached as Ex. 9); July 24, 1991 follow-up #7 (attached Ex. 10); July 24, 1991 follow-up #8 (attached Ex. 11); Sept. 26, 1991 follow-up (attached as Ex. 12); Oct. 15, 1991 follow-up (attached as Ex. 13); Oct. 20, 1991 follow-up (attached as Ex. 14); Oct. 26, 1991 arrest report (attached as Ex. 15); Dec. 3, 1991 arrest report (attached as Ex. 16); Ex. 3, at 110, 117. [2]  The disclosed reports spanned the time period of July 17, 1991 to December 3, 1991.  Exs. 4-16.

5. In the course of his investigation of the Vasquez murder, Detective Pezzullo met or spoke with Penny Denor on at least eight occasions, including: when he interviewed her the night of the murder (Ex. 4); at least two additional conversations in July shortly after the murder (Ex. 3 at 325-330); when he showed her photographs in his NYPD vehicle in August 1991 (*id.* at 361); when he accompanied her to the Bronx C.A.T.C.H. Unit (Ex.

---

[2] Pezzullo's police reports are offered here without waiver of objection to their admission at trial.

12); when he accompanied her to a meeting with A.D.A. Sugarman at the Bronx District Attorney's office (Ex. 13); when he accompanied her to an in-person lineup including Carlos Morillo (10/17/91 Line Up, attached as Ex. 17); and when he accompanied her to an in-person lineup including Mr. Garcia (12/11/91 Line Up, attached as Ex. 18).

6. All of Detective Pezzullo's interactions with Penny Denor related to the Vasquez murder or Jose Garcia took place while he was on duty and in the course of his investigation. *See* Ex. 3, at 325-330, 361; Exs. 4, 12, 13, 17 & 18.

7. In the course of his investigation of the Vasquez murder, Detective Pezzullo met or spoke with John Garey and other potential witnesses. Ex. 4.

8. All of Detective Pezzullo's interactions with John Garey and other potential witnesses related to the Vasquez murder or Jose Garcia took place while he was on duty and in the course of his investigation. *See id.*

9. In the course of his investigation, Detective Pezzullo participated in several identification procedures involving Penny Denor, including, for example, when he accompanied her to the Bronx C.A.T.C.H. Unit in September 1991 (Ex. 12); when he accompanied her to an in-person lineup including Carlos Morillo, also in October 1991 (Ex. 17); and when he accompanied her to an in-person lineup including Mr. Garcia in December 1991 (Ex. 18).

10. Each time Pezzullo showed Penny Denor photographs he did so while on duty in the course of investigating the Vasquez murder. *See* Ex. 3, at 361; Exs. 12, 17 & 18.

11. Altogether, Detective Pezzullo took these and additional actions related to the Vasquez murder. Some of these he documented in police reports. Exs. 4-16. Others he did not document in police reports. Ex. 3, at 325-330, 361; Exs. 17 & 18.

12. All of Detective Pezzullo's actions related to the Vasquez murder took place while he was on duty and in the course of his investigation.  *See* Ex. 3, at 325-30, 361; Exs. 4-18.

13. Detective Pezzullo first learned of Jose Garcia, the plaintiff in this action, in the course of his investigation of the Vasquez murder.  Ex. 3, at 183-84.

14. There is no evidence Detective Pezzullo personally knew or knew of Mr. Garcia or Carlos Morillo prior to his investigation of the Vasquez murder.

15. There is no evidence Detective Pezzullo conducted his investigation and the arrest of Mr. Garcia other than under and pursuant to his authority as a New York City police detective and with the goal of closing the Vasquez murder investigation and securing an arrest and conviction.

16. There is no evidence Detective Pezzullo was motivated by any personal interest other than to conduct this investigation and to secure an arrest and conviction for the murder of Cesar Vasquez.


Dated: September 16, 2010                          Respectfully submitted,
       New York, New York

                                                         /s/ Nick Brustin
                                                   Nick Brustin
                                                   Debi Cornwall
                                                   Anna Benvenutti Hoffman
                                                   Amos Blackman
                                                   NEUFELD SCHECK & BRUSTIN, LLP
                                                   99 Hudson Street, 8th Floor
                                                   New York, New York 10013
                                                   Telephone: (212) 965-9081
                                                   Facsimile: (212) 865-9084
                                                   *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of PLAINTIFF JOSE GARCIA'S LOCAL RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT with exhibits was served via ECF on September 16, 2010, upon the following individuals:

Arthur Larkin, Esq.
Afsaan Saleem, Esq.
City of New York Law Department
100 Church Street
New York, NY 10007
Telephone: (212) 788-1599
alarkin@law.nyc.gov
asaleem@law.nyc.gov
*Attorneys for Defendants*

                                                            /s/ Ashley Lewis
                                                              Ashley Lewis